# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-41355
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**

April 13, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

YAIR PARROQUIN-LUNA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:16-CR-122-1

Before JOLLY, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Yair Parroquin-Luna pled guilty without a written plea agreement to possession with intent to distribute 920.9 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). The district court sentenced him to 80 months in prison and five years of supervised release. On appeal, he argues that the factual basis for his guilty plea was inadequate because the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41355

Government did not prove that he knew the type and quantity of the drugs involved in the offense.

As Parroquin-Luna concedes, his argument is foreclosed by *United States v. Betancourt*, 586 F.3d 303, 308–09 (5th Cir. 2009).  It held that *Flores-Figueroa v. United States*, 556 U.S. 646 (2009), did not overturn *United States v. Gamez-Gonzalez*, 319 F.3d 695 (5th Cir. 2003), and that the Government is not required to prove knowledge of the drug type and quantity as an element of a Section 841 offense.  *See United States v. Gil-Cruz*, 808 F.3d 274, 278 (5th Cir. 2015) (relying on *Betancourt* to reject as foreclosed a similar challenge to a drug conspiracy conviction).

Accordingly, Parroquin-Luna's motion for summary disposition is GRANTED, and the district court's judgment is AFFIRMED.